UNITED STATES OF AMERICA,      )
                               )
    Plaintiff,                 )          Criminal Case No.
                               )            12-cr-65-JMH
v.                             )
                               )
PETRICA OCTAVIAN STOIAN,       )          **MEMORANDUM OPINION & ORDER**
                               )
    Defendant.                 )

*** 

This matter is before the Court on Attorney Mark A. Wohlander's Motion for Payment of Fees [DE 268] in which he requests that the Court order Defendant to pay his fees at his customary rate of $250.00 per hour in light of the fact that Defendant Stoian has, apparently, found resources to retain counsel and in lieu of payment by the United States under the auspices of the Criminal Justice Act. Defendant Petrica Octavian Stoian and the United States of America have filed responses [DE 279, 280], and this motion is ripe for resolution at this time.

18 U.S.C. § 3006A(f) provides that this Court may order a defendant to reimburse attorney fees paid for an appointed attorney whenever the court finds that funds are available for payment from the individual who has been furnished representation under the auspices of the Criminal Justice Act (CJA) of 1964. *See United States v. Wilson*, 597 F.3d 353, 355

(6th Cir. 2010). Here, there is no information from which the Court can conclude that there is a need to conduct any further inquiry into whether Stoian has the ability to pay the CJA attorney fees for Attorney Wohlander's services. True, retained counsel has entered an appearance for Defendant Stoian in this matter, but that is the only fact relied upon by Attorney Wohlander in demanding that his fees be paid. No asset or source of income on which Defendant Stoain could draw to pay for an attorney or Attorney Wohlander's fees has been identified, nor has the government requested the repayment of fees paid or to be paid to Attorney Wohlander for his representation of Defendant Stoain. In other words, there is simply no suggestion of a factual basis that would require further inquiry by this Court or based upon which reimbursement could be ordered under 18 U.S.C. § 3006A(f).

Further, the Court is not entirely persuaded that Attorney Wohlander has "standing" to demand the relief requested. In the first instance, the reimbursement of CJA fees would be paid to the United States Treasury or to the Clerk of the Court where a case is pending. *See United States v. Waldron*, 270 Fed. App'x 531, 534 (9th Cir. 2008). Further the reimbursement would be just that – the amount of the fee due to a CJA-appointed attorney: $125.00 per hour. *See* Pub. L. 111-117 (2009); H. Rep. No. 111-360, 111-117 Consolidated Appropriations Act

2

(2010).  The Court would not and could not order a higher fee based on the rate that an appointed attorney would otherwise charge to his clients if he was privately retained in a matter. Finally, whether or not Attorney Wohlander has some sort of positive obligation to "raise a red flag" if he believes that his client has assets or funds on which he could draw in order to retain counsel is another inquiry – and one which the Court need not undertake today.

The United States may, at some point in the future and after investigation, choose to pursue the reimbursement of the funds paid for Attorney Wohlander's services from Defendant Stoian.  The Court's decision today is not intended to prejudge any properly supported request in any way.  Rather, that inquiry is left for a later date and an appropriate motion.

Having considered the present motion, **IT IS ORDERED t**hat Attorney Wohlander's Motion for Payment of Fees [DE 268] is **DENIED**.

This the 20th day of August, 2013.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge